UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **GARY REES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **TOWN OF CUMBERLAND,** | ) |
| | ) |
| Defendant | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Gary Rees, by and through undersigned counsel, hereby complains against Defendant Town of Cumberland, Maine ("the Town" or "Cumberland") as follows:

## INTRODUCTION

1. This case arises under the Federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Maine Human Rights Act ("MHRA"), 5 M.R.S. § 4551 *et seq.*

2. This case challenges the Town of Cumberland's willful, knowing, and/or reckless violations of State and Federal law by terminating Plaintiff because of his advanced age.

## JURISDICTION, PARTIES, AND VENUE

3. Plaintiff Gary Rees ("Plaintiff" or "Rees") is a United States citizen residing in the Town of Yarmouth, County of Cumberland, and State of Maine.

1

4. Defendant Town of Cumberland, Maine ("the Town" or "Cumberland") is a Maine municipal corporation organized and existing under the laws of the State of Maine.

5. At all times herein relevant, the Town owned and operated Val Halla Golf & Recreation ("Val Halla") where Plaintiff worked as an assistant golf professional ("golf pro").

6. From 2014 until the date of his termination from employment in January of 2021, Plaintiff was a seasonal employee of Val Halla.

7. At all times herein relevant, the Town employed more than 100 individuals for more than 26 calendar weeks per year.

8. This Court has subject matter jurisdiction over Rees's claims pursuant to 28 U.S.C. § 1331.

9. Plaintiff filed a timely Charge of Discrimination against the Town with the Maine Human Rights Commission ("MHRC") and the EEOC on or about October 26, 2021, alleging age discrimination.

10. On or about August 29, 2022, the EEOC issued a Notice of Right to Sue letter that Rees received within several days of issuance.

11. Venue is proper in this Court because all of the discriminatory practices alleged herein occurred in the County of Cumberland and State of Maine.

12. Rees worked as the head golf pro for the Town of Cumberland at Val Halla between 1976 and 1980 and then again between 1984 and 1992.

13. Rees is 78 years old. Prior to termination, he worked as a golf pro for more than 45 years. He worked for the Town of Cumberland at Val Halla for 18 years off and on.

14. Effective March 2019, Rees earned $22.00 per hour as an assistant golf pro at Val Halla.

15. Reese performed his job duties well and was a respected and talented golf pro.

16. Town Manager William Shane never gave Rees any negative feedback about his job performance. Instead, Shane told Rees that he would have a job with Val Halla as long as he wanted one.

17. Rees was the only golf pro at Val Halla that was a PGA professional. When Rees worked as the head golf pro for Val Halla, he ran one of the biggest junior programs in the State of Maine.

18. In 2019, Rees began reporting to Val Halla's head golf pro, Nick Plummer.

19. Plummer is at least 40 years younger than Rees. He showed age-related bias toward Rees throughout the 2020 golf season.

20. It was common knowledge at Val Halla that Plummer was not performing his job duties as the head golf pro very well.

3

21. Town Manager William Shane asked Rees how Plummer was doing, and Rees told Shane candidly that Plummer seemed to lack experience and dedication to the job. For instance, Plummer often did not show up on weekends until 11 am.

22. Plummer seemed to resent and demonstrated overt age-related bias toward the much older assistant golf pros who worked for him. At one point, Plummer told Rees: "I've got one of the oldest pro shops in the State."

23. On or about January 6, 2021, Plummer fired Rees. Around the same time, Plummer fired two other older employees in the pro shop (Jack and Tony).

24. When Plummer fired Rees, he specifically stated to Rees that Val Halla wanted to go in a "younger direction" next season.

25. Plummer falsely claimed that part of the reason for Rees's termination was that Rees did not want to give golf lessons anymore. This was false because Rees spent years running a junior golf program and he was a high school golf coach for many years. Rees has always enjoyed teaching golf lessons.

26. During the 2020 season, Rees did not have a lot of new players sign on to take lessons with him because Plummer and another pro named Brad always took the referrals for new members.

27. Plummer said that he terminated Rees because he wanted to hire his "own" staff. Upon information and belief, Plummer's replacement staff ended up being comprised of far younger individuals compared to Rees and his older colleagues who were also fired in early 2021.

28. Rees wrote a letter to Town Manager William Shane on January 26, 2021, explaining that he was "very hurt by the fact that I was told I was [too] old for the job." Shane responded to the letter with a voicemail denying that Rees was terminated because of his age. However, Plummer's statements directly to Rees contradicted Shane's denial of age discrimination.

29. Before the MHRC, the Town claimed that Plummer was hired as the head golf pro and he began supervising Rees's performance as an assistant golf pro in 2019. According to the Town, Rees was expected to mentor Plummer, but Plummer was his direct boss. This inconsistency further suggests age-related bias toward Rees, who was required to report to someone 40 years younger than him, but also mentor and teach that person how to perform the job of head golf pro.

**COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA**
**(29 U.S.C. § 621 *et seq*.)**

30. Plaintiff repeats the allegations contained in Paragraphs 1 through 29 as if fully stated herein.

31. For the reasons outlined above, the Town's stated reasons for terminating Rees's employment were really pretext for age discrimination.

32. Defendant took adverse employment action against Plaintiff as a direct and proximate result of his age.

33. Defendant showed discriminatory bias toward older workers by retaining similarly situated younger employees who were less qualified than Plaintiff.

5

34. Defendant showed discriminatory bias toward older workers by favoring younger workers compared to older workers like Plaintiff.

35. Defendant fired other older workers around the same time the Town fired Plaintiff.

36. Direct evidence of age discrimination exists in this case.

37. Unlawful age discrimination has taken place within the meaning of the ADEA.

38. Defendant discriminated against Plaintiff on the basis of age knowingly or with reckless disregard for whether its conduct was prohibited by the ADEA.

39. Because the Town's age discrimination was willful, Rees is entitled to liquidated damages of twice the amount of his lost wages.

40. As a result of Defendant's discriminatory actions, Rees has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, punitive damages for the Town's reckless indifference to the laws prohibiting age discrimination in employment, attorney's fees, costs, and expenses.

WHEREFORE, Plaintiff Gary Rees requests that the Court award him damages in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to him by law.

## COUNT II – VIOLATION OF THE MHRA
**(5 M.R.S. § 4551 *et seq.*)**

41. Plaintiff repeats the allegations contained in Paragraphs 1 through 40 above as if fully stated herein.

42. For all of the reasons stated in Count I above, Defendant engaged in discrimination and retaliation against Rees based on his age, in violation of the MHRA.

43. As a result of the Town's retaliation and discrimination, Rees is entitled to compensatory, economic, punitive, liquidated, and all other damages available to him under the MHRA.

WHEREFORE, Plaintiff Gary Rees requests that the Court award him damages in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to him by law.

## JURY TRIAL DEMAND

Plaintiff Gary Rees hereby demands a jury trial on all matters so triable under the laws and Constitution of the United States and the State of Maine.

Dated: November 28, 2022   */s/ Laura H. White*

Laura H. White, Bar No. 4025
Danielle M. Quinlan, Bar No. 5480
*Attorneys for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
*lwhite@whiteandquinlan.com*
*dquinlan@whiteandquinlan.com*