UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| GARY REES, | |
| --- | --- |
| Plaintiff, | |
| vs. | Case No. 2:22-cv-00374-LEW |
| TOWN OF CUMBERLAND, | |
| Defendant. | |

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Town of Cumberland, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

## INTRODUCTION

1. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

2. The Defendant denies the premise of the allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the allegations.

## JURISDICTION, PARTIES, AND VENUE

3. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

4. The Defendant admits the allegations contained in this paragraph of Plaintiff's Complaint.

5. The Defendant admits it owns and operates Val Halla Golf & Recreation and that Plaintiff worked at Val Halla for a period of time as an assistant golf professional. The Defendant

is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

6. The Defendant admits that Plaintiff worked at Val Halla from 2014 to January of 2021 as an assistant golf professional and that his employment was seasonal. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

7. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

8. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

9. The Defendant admits that the Plaintiff filed a charge of discrimination with the Maine Human Rights Commission ("MHRC"). The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

10. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

11. The Defendant denies the premise of allegations contained in this paragraph of the Plaintiff's Complaint. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

12. The Defendant admits that the Plaintiff worked as a golf professional at Val Halla from 1976 to 1980 and from 1984 to 1992. The Defendant is without sufficient information or

knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

13. The Defendant admits the Plaintiff is 78 years old. The Defendant admits that the Plaintiff worked intermittently for the Town for a total of about 18 years. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

14. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

15. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

16. The Defendant admits that Town Manager William Shane did not give the Plaintiff any feedback, positive or negative. The Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

17. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

18. The Defendant admits that the Plaintiff started reporting to Nick Plummer in 2019. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

19. The Defendant admits that Plummer is at least forty years younger than the Plaintiff. The Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

20. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

21. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

22. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

23. The Defendant admits that Plummer notified the Plaintiff on January 6, 2021 that his employment would be terminated. The Defendant admits that around the same time the employment of Jack and Tony was terminated. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

24. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

25. The Defendant denies the premise of the allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the allegations.

26. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

27. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

28. The Defendant admits that Plaintiff wrote a letter to Shane dated January 26, 2021, which speaks for itself and requires no response. The Defendant admits that Shane left a voicemail denying that the Plaintiff's employment was terminated because of his age. The Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

29. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint regarding any "inconsistency" or any age-related bias. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA
### (29 U.S.C. § 621 *et seq.*)

30. The Defendant repeats its responses to the preceding paragraphs.

31. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

32. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

33. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

34. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

35. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

36. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

37. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

38. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

39. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

40. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

### COUNT II – VIOLATION OF THE MHRA
### (5 M.R.S. § 4551 *et seq.*)

41. The Defendant repeats its responses to the preceding paragraphs.

42. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

43. The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's damages, if any, are the result of the sole or comparatively greater fault of the Plaintiff or of others whose negligence is imputed to the Plaintiff, which bars or reduces his claims.

2. The Defendant reserves the right to demonstrate that Plaintiff has failed to mitigate his damages, which bars or reduces his recovery.

3. The Defendant reserves the right to demonstrate that the damages sought are the proximate result of pre-existing or subsequent conditions which bars or reduces these damages.

4. The Defendant reserves the right to demonstrate that Plaintiff's damages, if any, are the result of intervening or superseding events which bars or reduces his claims.

5. The Plaintiff's Complaint, in whole or in part, does not state a claim upon which relief could be granted.

6. The Plaintiff's Complaint, in whole or in part, is barred by applicable statutes of limitations.

7. The Defendant reserves the right to demonstrate that Plaintiff's Complaint, in whole or in part, is barred by failure to comply in a timely manner with administrative filing requirements and/or limitations on actions.

8. The Plaintiff's claims fail as a matter of law in that he cannot establish a causal relationship between the termination of his employment and the alleged discriminatory actions.

9. The Plaintiff's claims fail as a matter of law in that the Defendant had a legitimate, nondiscriminatory reason for terminating the Plaintiff's employment.

10. The Defendant reserves the right to rely upon any affirmative defenses available to it under the MHRA or the ADEA including, but not limited to, the defenses in 29 U.S.C. § 623(f).

11. The Plaintiff's claims fail as a matter of law in that the termination of his employment was based on reasonable factors other than age.

12. The Plaintiff's claims fail as a matter of law in that the Defendant has at all times acted in good faith and without willfulness.

13. The Plaintiff's damages, if any, are limited or capped by any applicable provision of law that affords or requires such limits or caps including, but not limited to, the limits or caps set forth in 5 M.R.S. § 4613(2)(B)(8).

14. The Plaintiff is barred from recovering punitive damages against the Defendant. 5 M.R.S. § 4613(2)(B)(8)(i); 29 U.S.C. § 626(b).

**JURY DEMAND**

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Town of Cumberland demands judgment in its favor with regard to all Counts of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 6th day of February, 2023.

        Attorneys for Defendant
        Town of Cumberland
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906

BY:    /s/ John J. Wall, III
        John J. Wall, III
        jwall@monaghanleahy.com

BY:    /s/ Laura A. Maher
        Laura A. Maher
        lmaher@mleahy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2023, I electronically filed **Answer, Affirmative Defenses, and Jury Demand** using the CM/ECF system, which will send notification electronically of such filing to me and all parties through their registered counsel.

Dated at Portland, Maine this 6th day of February, 2023.

        Attorneys for Defendant
        Town of Cumberland
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906

BY:    /s/ John J. Wall, III
        John J. Wall, III
        jwall@monaghanleahy.com